# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Lori K. Rask, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Social Security Administration, Carolyn W. Colvin, Commissioner, | ) ) | |
| | ) | Case No 1:16-cv-058 |
| Defendant. | ) | |

Before the court is a "Motion for Award of Attorney Fees Under the Equal Access to Justice Act [EAJA]" filed by plaintiff on December 17, 2016. Plaintiff seeks reimbursement for attorney's fees in the amount of $5,010.75. She further requests that the Commissioner accept her assignment of EAJA fees and issue payment directly to counsel.

The Commissioner filed a response to plaintiff's motion on December 20, 2016. She does not challenge an award of $5,010.75 in attorney's fees. She does, however, objectt to payment of these fees directly to counsel, asserting: (1) plaintiff's assignment is invalid pursuant to the Anti-Assignment Act ("A-A Act"), 31 U.S.C. § 3272;[1] and (2) fee awards under the EAJA are payable to the plaintiff, not plaintiff's counsel, and may be used to offset by any outstanding federal

---

[1] The A-A Act governs, among other things, a "transfer or assignment of any part of a claim against the United States Government [.]" 31 U.S.C. § 3727(a)(1). It provides in relevant part the following:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).

debts owed by plaintiff, see Astrue v. Ratliff, 560 U.S. 586 (2010).

The court **GRANTS** plaintiff's motion in part (Docket No. 19) and awards plaintiff $5,010.75 in attorney's fees under the EAJA. The court does not know whether or not plaintiff owes a debt to the Government and is not inclined at this point to take on the task of determining whether an offsetting qualifying debt exists. Consequently, the court directs that the EAJA award be paid directly to plaintiff and will leave it to the discretion of the Commissioner whether to honor plaintiff's assignment of her EAJA fees in the event that she has no Government debt that requires offset. See Johnson v. Astrue, No. 3:08CV00187, 2011 WL 1298035, at * 2 (E.D. Ark. April 4, 2011) (approving the Commissioner's proposal to decide whether to waive compliance with the Anti–Assignment Act and to pay Plaintiff's counsel directly only after an order is entered awarding EAJA attorney's fees directly to the claimant and the Commissioner determines the claimant does not owe the government a debt).

**IT IS SO ORDERED.**

Dated this 9th day of January, 2017.

>  */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr., Magistrate Judge
> United States District Court